IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

QARTAVIUS MOTEN                                                                PETITIONER

v.                                                          No. 4:20CV217-MPM-RP

STATE OF MISSISSIPPI                                            RESPONDENT

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Qartavius Moten for a writ of *habeas corpus* under 28 U.S.C. § 2241. The State has moved to dismiss the petition for failure to state a constitutional question and, in the alternative, for failure to exhaust state remedies. Mr. Moten has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted, and the instant petition will be dismissed.

*Habeas Corpus* **Relief Under 28 U.S.C. § 2241**

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas*

*corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on habeas corpus appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new habeas corpus procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about habeas corpus.

*Id*.

> Relief under § 2241 is available to a prisoner in five situations, when:
>
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
> (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c).

Under 28 U.S.C. § 2241, a federal court may issue the writ when the petitioner is in state custody pursuant to something other than a state judgment (such as pretrial detention, pretrial bond order, etc.), permitting a federal court to order the discharge of any person held by a state in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915). Section 2241 also provides a remedy for federal prisoners in two instances, "(1) to

challenge the execution of a sentence, and (2) to test the legality of a detention when § 2255 is otherwise inadequate." Section 2241, Federal Habeas Manual § 1:29.

There is no express statutory requirement that an inmate seeking *habeas corpus* relief under 28 U.S.C. § 2241 exhaust state court remedies prior to asserting his claims in federal court. However, federal courts have read that requirement into the law. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

## Facts and Procedural Posture

Qartavius E. Moten has filed a writ of *habeas corpus* challenging his pretrial detention in the Washington County Regional Correctional Center for his arrest on an unspecified charge. Doc. 1. He alleges that he has been incarcerated since November 2019 with no indictment issued against him. *Id*. In his petition, he has not requested to be indicted or brought to trial on the charge (or charges) at issue; instead, in Ground One, he notes that he has been incarcerated for "over a year and [has] not seen a judge[,] an attorney[,] nor a District Attorney since [he's] been locked up." *Id*. at 6. In his prayer for relief, Mr. Moten requests that "the court to dismiss all charges with prejudice." *Id*. at 8.

Mr. Moten was arrested for his latest charge, house burglary, in August 2019. *See* Exhibit A. The court set bond following that arrest, which Moten posted on September 4, 2019. *Id*. However, on September 12, 2019, an Assistant District Attorney (ADA) in that judicial district filed a "Motion to Revoke Bond," noting that Moten committed the crime of house burglary and was arrested for that

crime while he was on bond for additional felonies, auto burglary and felony domestic assault. *See id*. On November 22, 2019, the Washington County Circuit Court revoked Moten's bond and ordered that he be held without bond "pending final disposition of all pending charges." *See* Exhibit B. A grand jury convened in February 2021 after a delay due to the COVID-19 pandemic. Mr. Moten was indicted for house burglary in late February 2021 and was set to be arraigned on that charge in early April 2021.[1] His appointed counsel appeared in the case on May 3, 2021, and, on that day filed a demand for a speedy trial and a Certificate of Service for a request for discovery from the State. Doc. 9-1 at 2. On June 1, 2021, counsel moved for reinstated bond, *id.*, and on August 3, 2021, the trial court granted the motion, setting bond at $20,000. Doc. 9-3 at 3. On October 7, 2021, the Circuit Court set trial for January 19, 2022. Counsel for Mr. Moten moved, unopposed, for a continuance on January 11, 2022, Doc. 9-5, and the trial court granted the motion the next day. Doc. 9-6. On January 20, 2022, the court reset trial for February 15, 2022[2]. Doc. 9-7.

### Failure to State a Claim: Request to Dismiss Charges

Federal *habeas corpus* relief under 28 U.S.C. § 2241 "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973). A pretrial detainee may not disrupt "a pending state proceeding by

---

[1] The grand jury issued a "no true bill" as to the felony domestic charge referenced in the "Motion to Revoke Bond," but Mr. Moten was later indicted on an additional charge – burglary of a dwelling. Doc. 8-1.

[2] In light of the changing conditions due to the pandemic, it is possible that Mr. Moten's trial could again be reset, as, on January 27, 2022, the Mississippi Supreme Court issued the latest in a series of emergency administrative orders, giving trial judges discretion to postpone jury trials set on or before February 25, 2022. Doc. 9-8.

attempting to litigate constitutional defenses prematurely in federal court." *Id*. at 493. There is "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (quoting *Braden*, 410 U.S. at 490). This distinction rests upon the type of relief the petitioner requests. *Id*. A prisoner claiming a speedy trial violation in a pretrial *habeas corpus* petition can seek two types of relief:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although requirement of exhaustion of state remedies must still be met.

*Id*. (emphasis supplied). "In other words, a federal court may generally consider a *habeas* petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him." *Greer v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988). On the other hand, if a petitioner tries to prevent the State from concluding the prosecution of his case, then he seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" and thus cannot seek *habeas corpus* relief on that claim. *Brown*, 530 F.2d at 1282-83; *Braden*, 410 U.S. at 489.

In the instant case, Mr. Moten requests dismissal of the charges against him. Doc. 1 at 8. As he seeks dismissal of the charges, under *Braden*, his claim is not valid. His request to dismiss the charges is an attempt to "abort" or "disrupt" the normal and "orderly functioning of state judicial processes;" as such, the court may not review that request. *See Brown*, 530 F.2d at 1282-83; *see also Dickerson v. State*, 816 F.2d 220, 225 (5th Cir. 1987) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised in the petition may be resolved

either by a trial on the merits in the state court or by other state procedures available to the petitioner.") For these reasons, the instant petition seeking dismissal of the charges at issue must be dismissed with prejudice for failure to state a claim upon which *habeas corpus* relief under 28 U.S.C. § 2241 may be granted.

### Failure to Exhaust State Remedies: Request to Be Brought to Trial

As set forth above, to the extent Mr. Moten requests the State to bring him promptly to trial, the court must dismiss the petition because he has not exhausted his state remedies as to his claim. *See Dickerson, supra*. He claims that he filed "pretrial motions" in May 2020, June 2020 and October 2020, in the Washington County Circuit Court. Doc. 1 at 6. He has not attached these motions to the petition, nor specified the relief requested in them. He filed two letters in that court in 2020 with regard to his then-unindicted charges. *See* Exhibit C. These letters do not, however, request a speedy trial or resolution of the charges against him. *Id*. Mr. Moten filed a third pleading on March 10, 2021, seeking a "fast and speedy trial in Cause No. 19-713" and referenced a September 5, 2019, arrest. *See* Exhibit D. The circuit clerk's office placed Moten's cause number from his newly indicted house burglary charge, Cause No. 2021-0009, on the face of the cover letter of his motion. To the extent that he seeks a speedy trial with regard to the house burglary charge, his appointed counsel has demanded speedy trial on his behalf. *See* Doc. 9-1 at 2. Mr. Moten has not, however, presented his speedy trial claims to the Mississippi Supreme Court; instead, he has requested and received a continuance. Docs. 9-5, 9-6. As such, he has not exhausted his state remedies as to his speedy trial claims, and the petition must be dismissed for that reason, as well.

### Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed. To the extent that he seeks dismissal of the charges, that ground will be dismissed for

failure to state a claim upon which relief could be granted. In the alternative, to the extent that he seeks a speedy trial, that claim will be dismissed for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion will issue today.

    **SO ORDERED**, this, the 9th day of February, 2022.

    /s/Michael P. Mills
    UNITED STATES DISTRICT JUDGE
    NORTHERN DISTRICT OF MISSISSIPPI